(No. 80-CV-0020–

*In re* APPLICATION OF ROBERT LEE COLLINS.
*Opinion filed March 3, 1981.*

ROBERT LEE COLLINS, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on September 24, 1978. Robert Lee Collins, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Robert Lee Collins, age 33, was a victim of a violent crime, as defined in section 2(c)

of the Act, to wit: Aggravated Battery. Ill. Rev. Stat. 1977, ch. 38, par. 12—4.

2. That on September 24, 1978, the Claimant was injured when an automobile, driven by an unknown offender deliberately swerved off the road and struck him. The incident occurred on the sidewalk at 934 Rollins, Round Lake Heights, Illinois. The Claimant was taken to Condell Memorial Hospital for treatment of his injuries.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 4 of the Act states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under the Act.

6. That the Claimant incurred medical/hospital expenses in the amount of $5,960.90, $226.24 of which was paid by the Illinois Department of Public Aid and $4,337.16 was written off as bad debt by the vendors, leaving a balance of $1,397.50.

7. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

8. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat., 1977, ch. 48, par. 138.1 et seq.), from local governmental, State

or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

9. That the Claimant has received no reimbursements that can be counted as applicable deductions.

10. That the Claimant is entitled to an award based on the following:

| Net Medical Expenses | $1,397.50 |
| Less $200.00 Deductible | −200.00 |
| Total | $1,197.50 |

It is hereby ordered that the sum of $1,197.50 (one thousand one hundred ninety-seven dollars and fifty cents) be and is hereby awarded to Robert Lee Collins, an innocent victim of a violent crime.